IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SOLOMON L. HENDERSON, #250 233, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO.: 2:15-CV-240-WKW |
| | )                [WO] |
| BILLY BOWEN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff challenges matters associated with his placement in the Life Tech Institute, a parolee transition program located in Thomasville, Alabama. Plaintiff also appears to challenge matters concerning his incarceration at the Clarke County Jail following his removal from the Life Tech Institute after his arrest for "violat[ing] the rules." *Doc. No. 1*. The Clarke County Jail is located in Grove Hill, Alabama. Thomasville, Alabama, and Grove Hill, Alabama, are both in Clarke County, Alabama, which is located within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the

---

[1] Plaintiff's complaint is accompanied by a motion in support of a request for leave to proceed *in forma pauperis*. The assessment and collection of any filing fee, however, should be undertaken by the United States District Court for the Southern District of Alabama.

events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff complains occurred in Thomasville, Alabama, and Grove Hill, Alabama, cities located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Southern District of Alabama. Although Defendants former Commissioner Thomas and Kathy Holt[2] reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

---

[2] Although Plaintiff indicates Defendant Holt is the Director of the Alabama Board of Pardons and Paroles, Ms. Holt works in the Central Records Division of the Alabama Department of Corrections.

ORDERED that **on or before May 8, 2015**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of April, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE